INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, ("IAM"), an association, Plaintiff,

v.

The ORGANIZATION OF the PETROLE-UM EXPORTING COUNTRIES ("OPEC"), the Democratic and Popular Republic of Algeria, ("Algeria"), the Republic of Ecuador, ("Ecuador"), the Gabonese Republic, ("Gabon"), Republic of Indonesia, ("Indonesia"), Imperial Government of Iran, ("Iran"), Republic of Iraq, ("Iraq"), State of Kuwait, ("Kuwait"), Libyan Arab Republic, ("Libya"), Federal Republic of Nigeria, ("Nigeria"), State of Qatar, ("Qatar"), Kingdom of Saudi Arabia, ("Saudi Arabia"), State of United Arab Emirates, ("United Arab Emirates"), and the Republic of Venezuela, ("Venezuela"), Defendants.

No. 78–5012–AAH(SX).

United States District Court,
C. D. California.

June 25, 1979.

Richard I. Fine, James H. Davis, Los Angeles, Cal., Albert E. Levy, San Francisco, Cal., Ackerman, Ling & Russell, Long Beach, Cal., and Schwartz, Alschuler & Grossman, Los Angeles, Cal., for plaintiff.

Khalid Abdullah Tariq Al Mansour and Faisal Bin Fahad Al Talal, San Francisco, Cal., amicus curiae.

HAUK, District Judge.

### I. ORDER TO SHOW CAUSE

Re: Viability of Suit; Issues Therein; and Determination Thereof

### II. ORDER CONTINUING HEARING ON PRELIMINARY INJUNCTION

### III. ORDER SETTING CASE FOR TRIAL ON FINAL INJUNCTION, AND EVIDENTIARY HEARING RE DEFAULTS

### AND

### CONSOLIDATING TRIAL AND EVIDENTIARY HEARING WITH HEARING ON PRELIMINARY INJUNCTION

### IV. ORDER FOR SERVICE

TO: PLAINTIFF herein, and its attorneys and counsel of record.

TO: DEFENDANTS herein, and each of their respective attorneys and counsel, whether of record or not.

TO: UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF JUSTICE, and ATTORNEY GENERAL OF THE UNITED STATES; UNITED STATES DEPARTMENT OF STATE and SECRETARY OF STATE OF THE UNITED STATES; UNITED STATES DEPARTMENT OF ENERGY and SECRETARY OF ENERGY OF THE UNITED STATES; and their attorneys and counsel, ATTORNEY GENERAL OF THE UNITED STATES and UNITED STATES ATTORNEY, CENTRAL DISTRICT OF CALIFORNIA.

TO: STATES OF THE UNITED STATES and SECRETARY OF STATE and ATTORNEY GENERAL of each State, and their respective attorneys and counsel.

AND

TO: All persons and entities to whom these presents shall come, concern or appertain, and their respective attorneys and counsel.

YOU AND EACH OF YOU WILL PLEASE TAKE NOTICE that because of the complexities of the within lawsuit, the difficulties in framing the issues therein contained, and the far-reaching effects of judicial determination thereof, the Court has this day and date made and entered the following Orders:

I. ORDER TO SHOW CAUSE

On MONDAY, AUGUST 20, 1979, at 10:00 o'clock A.M. Pacific Daylight Saving Time, or as soon thereafter as attorneys and counsel can be heard, in Courtroom 1, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012, the above entitled United States District Court, Central District of California, the Honorable A. Andrew Hauk, Judge Presiding, will hear: from any and all of the aforesaid parties, persons, entities, organizations, sovereigns, sovereignties; from all departments, agencies and instrumentalities thereof; and from any and all attorneys and counsel thereof: any and all cause, causes, reasons, rationales and theories which they or any of them have and desire to present, express or suggest to the Court with respect to, in support of or in opposition to, in question of or in answer to any or all of the following inquiries:

GENERAL

1. Is the within lawsuit a viable, valid, legal, proper and justiciable controversy validly and legally brought in and pending before this Court?

2. Does the within lawsuit raise any issue or issues that are or can be validly and legally determinable in and by this Court?

3. Are any or all of the issue or issues which the within lawsuit raises validly and legally determinable only by the Legislative and/or Executive branches of the United States Government rather than by the Judicial branch thereof?

4. Are the acts and activities of defendants, as alleged by plaintiff in the within lawsuit "Acts of State" *not* within the reach, purview or coverage of the laws of the United States, and therefore not within the jurisdiction of the United States Courts, and more particularly this Court?

SUBJECT MATTER JURISDICTION

5. Does the within lawsuit sufficiently state or set forth any valid and legal claims for relief, or raise any issues under and by virtue of the Foreign Sovereign Immunities Act of 1976, 28 United States Code §§ 1602–1611, Public Law 94–583, 90 Stat. 2892 (Oct. 21, 1976), so as to invest subject matter jurisdiction in this Court?

6. Does the within lawsuit sufficiently state or set forth any valid and legal claims for relief, or raise any issues under and by virtue of the Sherman Antitrust Act, Section 1, 15 United States Code § 1, and the Clayton Act, Sections 4 and 16, 15 United States Code §§ 15 and 26, so as to invest subject matter jurisdiction in this Court?

7. Do any of the acts and activities of the defendants, as alleged by plaintiff in

the within lawsuit, constitute "commercial activity [carried on] in the United States [by the foreign state]," 28 U.S.C. §§ 1605(a)(2) and 1603(d); or "'commercial activity carried on' [elsewhere] and having substantial contact with the United States," 28 U.S.C. §§ 1605(a)(2) and 1603(e); or "an act performed in the United States in connection with a commercial activity [of the foreign state] elsewhere," 28 U.S.C. § 1605(a)(2); or "an act outside the territory of the United States in connection with a commercial activity [of the foreign state] elsewhere and that act causes a direct effect in the United States," 28 U.S.C. § 1605(a)(2)?

8. Is the within lawsuit a case "not otherwise encompassed in paragraph (2) above [28 U.S.C. § 1605(a)(2)], in which money damages are sought against a foreign state for . . . damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment," except "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused" and except "any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights," 28 U.S.C. § 1605(a)(5)? *Note*: Legislative History seems to indicate this kind of a case was intended to cover "a traffic accident or other noncommercial tort," 1976 U.S.Code Cong. & Admin.News, Vol. 5, p. 6604 at p. 6620, 94th Cong.2d Sess., and would appear irrelevant in the context of the within lawsuit.

## IN PERSONAM JURISDICTION

9. Have any or all of the defendants been validly and legally served with process, i. e., Summons and Complaint and First Amended Complaint, under and by virtue of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1608? If so, which defendant or defendants, and in what man-

ner? Does any such service invest in personam jurisdiction in this Court over the defendant or defendants so served?

## PLAINTIFF'S RIGHT TO SUE; STANDING

10. *Damages—Clayton Act, Section 4, 15 U.S.C. § 15.*

Is not plaintiff precluded from bringing the within lawsuit against defendants, in that plaintiff is an indirect purchaser of gasoline sold to plaintiff by and through third parties other than defendants, which gasoline was manufactured and refined by said third parties from oil produced and sold by defendants directly to said third parties; and further in that plaintiff utilizes and relies upon so-called "pass on" and "pass through" theories to support its claim for damages allegedly suffered by paying higher and higher prices from time to time for said gasoline, which gasoline prices plaintiff claims were raised and caused to be raised by reason of the higher and higher oil prices fixed and raised by defendants, which oil price raises were "passed on" or "passed through" to plaintiff by the third party intermediate buyers of oil produced by defendants, which third party intermediate buyers manufactured and refined into the gasoline ultimately purchased by plaintiff? *Note*: See *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977), particularly at 728–729, 97 S.Ct. at 2065–2066, at 735–736, 97 S.Ct. at 2069, and at 744–748, 97 S.Ct. at 2073, 2075, wherein the United States Supreme Court in a 6–3 decision, while not addressing the standing issue, applies the *Hanover Shoe* [*Hanover Shoe Inc., v. United Shoe Machinery Corp.*, 392 U.S. 481, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968)] doctrine against defensive use of "pass on" theories by antitrust defendants to *offensive* use of such "pass on" theories by antitrust plaintiffs who are indirect purchasers from intermediate third parties other than defendants.

11. *Injunctive Relief—Clayton Act, Section 16, 15 U.S.C. § 26.*

Although by the ruling of *Illinois Brick*, *supra*, the Supreme Court effectively bars,

or may effectively bar, plaintiff's claim for damages *against* defendants, does it bar injunctive relief in favor of plaintiff and against defendants? *Note*: See *Mid-West Paper Products Co. v. Continental Group, Inc.*, 596 F.2d 573, (3d Cir. 1979), wherein the Court of Appeals for the Third Circuit in a 2–1 decision, holds that indirect purchasers have standing to sue for and obtain injunctive relief under Clayton Act, Section 16, 15 U.S.C. § 26, even though barred from damage actions under Clayton Act, Section 4, 15 U.S.C. § 15, by the Supreme Court in the *Illinois Brick* case, *supra*.

## DEFAULT ENTRY AND DEFAULT JUDGMENT

12. Is plaintiff, by reason of effective, valid and legal service of process, entitled to *Default Entry by Clerk* when a defendant fails or refuses to file and serve "an answer or other responsive pleading to the complaint within sixty days after service [upon such defendant]," 28 U.S.C. § 1608(d)? If so, as against which defendant or defendants, and why? What is the effect of any such *Default Entry by Clerk*?

13. What must the Court do by way of evidentiary hearing before making or entering an effective, valid and legal *Default Judgment*, in order to comply with the mandatory language of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1608(e) which provides:

"(e) No judgment by default shall be entered by a court of the United States . . . against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

14. In this connection, "since sovereign immunity is an affirmative defense which must be specially pleaded, the burden will remain on the foreign state to produce evidence in support of its claim of immunity." Legislative History, 1976 U.S.Code Cong. & Admin.News, Vol. 5, p. 6616. In other words, the foreign state must produce prima facie evidence of immunity. What,

therefore, is the effect of the foreign state's failure to answer or file a responsive pleading? What is the result of a default judgment against the foreign state? Does this mean that the foreign state by failing to assert the affirmative defense and by defaulting, has explicitly or by implication waived immunity and left itself open by way of default judgment against it for injunctive relief?

## ATTACHMENT OR EXECUTION

### (Attachment in Aid of Execution)

15. *Before Judgment Against A Defendant's Property Used For A Commercial Activity In The United States.*

Does the Court have any jurisdiction or power to issue a writ of attachment (garnishment, sequestration, arrest or seizure) *pendente lite* against property in the United States belonging to a defendant, *prior* to entry of Judgment? If so, is not that jurisdiction and power limited to situations where:

(a) the defendant has *"explicitly* waived" immunity against pre-judgment attachment; and

(b) "the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction." 28 U.S.C. § 1610(d)(1) and (2). [Emphasis ours].

16. *After Judgment Against A Defendant's Property Used For A Commercial Activity In The United States.*

Does the Court have any jurisdiction or power to issue a writ of execution (or a writ of attachment in aid of execution) against property in the United States belonging to a defendant *after* entry of Judgment? If so, is not that jurisdiction and power limited to situations where:

(a) "the foreign state has waived its immunity . . ." either *explicitly* or by *implication; or*

(b) "the property is or was used for the commercial activity upon which the claim is based," 28 U.S.C. § 1610(a)(1)

and (2) (Emphasis ours, and other permissive executions *after judgment* in the Act are not relevant.) *or*

(c) The execution or attachment in aid of execution is against property of an "agency or instrumentality of the foreign state," which agency or instrumentality has waived its immunity . . . "either *explicitly* or by *implication*," or "the judgment relates to a claim" under 28 U.S.C. § 1605(a)(2) or (5), "regardless of whether the property is or was used for the activity upon which the claim is based." 28 U.S.C. § 1610(b)(1) and (2) (Emphasis ours).

17. In connection with inquiries 14 and 15 above, what is the proper, valid and legal meaning of the word "explicitly" when applied to waiver of immunity? And what is the meaning of the words "explicitly or by implication" when applied to waiver of immunity in 28 U.S.C. § 1610?

## PROPRIETY OF PRELIMINARY INJUNCTION

18. Has plaintiff met the conditions necessarily prerequisite to obtaining a preliminary injunction? Has it demonstrated or can it demonstrate to the satisfaction of the Court that:

1. It is probable and there is a clear likelihood that plaintiff will, after trial on the merits, prevail and be awarded judgment against defendants, either for damages or for final injunctive relief?

2. Is the injury, damage and hardship to defendants that would be caused by the Court in granting the preliminary injunction be outweighed by the injury, damage and hardship to plaintiff that would be caused by the Court in not granting the preliminary injunction?

3. Is any injury or damage suffered or allegedly anticipated to be suffered by plaintiff irreparable and certain to occur?

4. Is it in the public interest to grant the preliminary injunction to plaintiff?

## II. ORDER CONTINUING HEARING ON PRELIMINARY INJUNCTION

IT IS FURTHER ORDERED THAT the hearing of plaintiff's Motion For a Preliminary Injunction be and the same is hereby continued for further hearing to the date of MONDAY, August 20, 1979, in Courtroom 1, United States Courthouse, Los Angeles, California 90012, the Honorable A. Andrew Hauk, Judge Presiding.

## III. ORDER SETTING CASE FOR TRIAL ON FINAL INJUNCTION AND EVIDENTIARY HEARING RE DEFAULTS

### AND

## CONSOLIDATING TRIAL AND EVIDENTIARY HEARING WITH HEARING ON PRELIMINARY INJUNCTION

IT IS FURTHER ORDERED that, pursuant to Rule 65(a)(2), F.R.Civ.P., the trial on the merits of the Final Injunction sought in the within lawsuit, and the evidentiary hearing re defaults pursuant to 28 U.S.C. § 1608(e), be and the same hereby are consolidated with the further hearing on plaintiff's Motion for a Preliminary Injunction, and the said trial on the merits of the Final Injunction, the said evidentiary hearing re defaults, and the further hearing on Preliminary Injunction be and the same are hereby set for MONDAY, August 20, 1979, in Courtroom 1, United States Courthouse, Los Angeles, California 90012, the Honorable A. Andrew Hauk, Judge Presiding.

## IV. ORDER FOR SERVICE

IT IS FURTHER ORDERED that attorneys and counsel for plaintiff shall serve a copy of this Order to Show Cause upon the plaintiff and all persons who have appeared in the within lawsuit by serving it or its, or them or their, respective attorneys and counsel of record, by registered mail, return receipt requested; upon all defendants who have not appeared herein, and their attorneys and counsel by serving said defendants

**12**

by registered mail, return receipt requested, and by following the procedure of service through the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services, as provided in the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a)(4); upon the United States of America, and its Department of Justice and Attorney General, its Department of State and Secretary of State, its Department of Treasury and Secretary of Treasury, its Department of Energy and Secretary of Energy by registered mail, return receipt requested, addressed to the Attorney General of the United States, United States Department of Justice, Washington, D.C. and to the United States Attorney, Central District of California, United States Courthouse, Los Angeles, California 90012; upon each and all States of the United States and each respective Governor, Secretary of State and Attorney General, by registered mail, return receipt requested, addressed to the Honorable Attorney General of each State of the United States, at the State Capitol Building of each such State; and upon all other persons to whom this Order shall come, concern, or appertain, by making copies hereof available to all news media and to any such persons requesting a copy. Such copy and service thereof shall be effected and effective if made and done, including service of a copy of the First Amended Complaint and Summons upon those not as yet served therewith, all in the English language. And all pleadings, motions, answers, points and authorities, and papers of every kind desired to be filed by any of the persons served shall be filed in the within Court and with its Clerk of Court on or before Wednesday, August 1, 1979, and served upon attorneys and counsel for plaintiff, Law Offices of Richard I. Fine, 10100 Santa Monica Boulevard, Los Angeles, California 90067 on or before the same date.